UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

BRENDA LOPEZ,
PEDRO LOPEZ,
BRAINERD LOPEZ,
AGUSTIN ZAPOT GOMEZ, and
VERONICA LARA,

Case No. 15-CV-842

        Plaintiffs,

v.

LA CHIMENEA, LLC
and HECTOR JIMENEZ,

        Defendants.

---

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

---

This Settlement Agreement and Release of Claims ("Settlement Agreement") is entered into between Brenda Lopez, Pedro Lopez, Brainerd Lopez, Agustin Zapot Gomez and Veronica Lara (each a "Plaintiff" and collectively, the "Plaintiffs"), by and through their attorneys, Hawks Quindel S.C. Attorneys at Law (collectively "Plaintiffs' Counsel"), and Defendants, La Chimenea, LLC ("La Chimenea") and Hector Jimenez ("Jimenez") (collectively "Defendants[1]"), by and through their respective attorneys, Weiss Berzowski LLP and The Schroeder Group, S.C., Attorneys at Law (collectively "Defense Counsel") (Plaintiffs and Defendants are hereinafter collectively referred to as the "Parties").

## 1.    RECITALS AND BACKGROUND

1.1    On July 13, 2015, Plaintiff, Brenda Lopez, filed a Collective and Class Action Complaint in the United States District Court for the Eastern District of Wisconsin asserting violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the Wisconsin wage payment and overtime laws, Wis. Stat. §§ 103, 109, et seq. and accompanying regulations (the "Pending Litigation"). (ECF No. 1)

1.2    On July 16, 2015, Pedro Lopez signed a Plaintiff Consent Form and consented to make a claim against La Chimenea for unpaid minimum wage, overtime and/or agreed upon

---

[1] Plaintiff originally named Christopher Greene ("Greene") as an individual defendant. (ECF No. 1 & 11) However, Greene was dismissed as a party with prejudice pursuant to the stipulation of counsel and Order entered on January 22, 2016. (ECF Nos. 21 & 22)

DocuSign Envelope ID: D8A38E85-D843-4467-BEBC-55ACCB83C6D7

wages. (ECF Nos. 4 & 4-1) On July 22, 2015, Agustin Zapot-Gomez signed a Plaintiff Consent Form and consented to make a claim against La Chimenea for unpaid minimum wage, overtime and/or agreed upon wages. (ECF Nos. 6 & 6-1) On July 31, 2015, Brainerd Lopez signed a Plaintiff Consent Form and consented to make a claim against La Chimenea for unpaid minimum wage, overtime and/or agreed upon wages. (ECF Nos. 10 & 10-1) On August 5, 2015, Veronica Lara signed a Plaintiff Consent Form and consented to make a claim against La Chimenea for unpaid minimum wage, overtime and/or agreed upon wages. (ECF Nos. 15 & 15-1) (Pedro Lopez, Agustin Zapot-Gomez, Brainerd Lopez and Veronica Lara are each a "Consenter" and collectively the "Consenters").

      1.3     The Consenters had agreed to designate Brenda Lopez to make decisions on their behalf concerning the Pending Litigation, including, but not limited to, settlement and all other matters pertaining to the Pending Litigation.

      1.4     On August 3, 2015, Brenda Lopez filed a First Amended Collective and Class Action Complaint in the United States District Court for the Eastern District of Wisconsin. (ECF No. 11). La Chimenea and Greene timely filed an Answer to the First Amended Complaint. (ECF No. 16).

      1.5     On January 22, 2016, counsel for Brenda Lopez, La Chimena and Greene filed a Joint Stipulation to Substitute Defendants, Conditionally Certify Class & Authorize Notice of Lawsuit (the "Stipulation"). (ECF No. 21). The Court approved the Stipulation and Jimenez was substituted for Greene. (ECF No. 22).

      1.6     Pursuant to the Stipulation, the Court also conditionally approved the FLSA Collective Class on January 22, 2016, which was defined as "[a]ll persons who worked as a server for La Chimenea as a Server at any time since January 18, 2013." (ECF Not. 22) Thereafter, zero (0) individuals opted-into the FLSA Collective Class during the court-approved notice period.

      1.7     On March 14, 2016, Brenda Lopez filed a Second Amended Collective and Class Action Complaint in the United States District Court for the Eastern District of Wisconsin ("Second Amended Complaint"). (ECF No. 27)

      1.8     Defendants timely filed their respective Answers to the Second Amended Complaint, disputing the material allegations both as to fact and law and denying any liability to Brenda Lopez or members of the proposed Settlement Classes. (ECF Nos. 28 & 29)

      1.9     On July 21, 2016, Brenda Lopez filed a Third Amended Complaint, withdrawing her collective and class action claims and adding Pedro Lopez, Brainerd Lopez, Agustin Zapot Gomez and Veronica Lara as individual plaintiffs. (ECF No. 37)

      1.10    Defendants timely filed their respective Answers to the Third Amended Complaint, disputing the material allegations both as to fact and law and denying any liability to the Plaintiffs. (ECF Nos. 39 & 41)

1.11    Plaintiffs' Counsel has conducted a thorough investigation of the claims against Defendants sought to be certified under this Settlement Agreement, including 30(b)(6) depositions and reviewing documents produced by Defendants including, but not limited to, payroll documentation, policies and documentation related to Defendants' compensation practices.

1.12    Based on each Party's independent investigation and evaluation, the Parties believe that settlement for the consideration of and on the terms set forth in this Settlement Agreement is fair, reasonable, and adequate, and is in the best interest of the Plaintiffs in light of all known facts and circumstances, including the risk of delay, allegations asserted by the Plaintiffs, defenses asserted by Defendants, and numerous potential appellate issues.

1.13    Defendants expressly deny any liability or wrongdoing of any kind associated with the claims in the Pending Litigation and in the Third Amended Complaint. Defendants contend that they have complied with applicable federal and state law at all times. By entering into this Settlement Agreement, Defendants do not admit any liability or wrongdoing and expressly deny the same. It is understood and agreed by the Parties that this Settlement Agreement is being entered into by Defendants solely for the purpose of avoiding the costs and disruption of ongoing litigation and to settle all outstanding claims. Nothing in the Settlement Agreement, the settlement proposals exchanged by the Parties, or any motions filed or Orders entered pursuant to the Settlement Agreement, is to be construed or deemed as an admission by Defendants of any liability, culpability, negligence, or wrongdoing.

1.14    The Parties recognize that the outcome of the Pending Litigation is uncertain and that achieving a final result through the litigation process would require substantial additional risk, discovery, time and expense.

1.15    Plaintiffs and Plaintiffs' Counsel have conducted an investigation and evaluation of the facts and the law relating to the claims asserted in the Pending Litigation to determine how best to serve the interests of Plaintiffs and believe, in light of the costs, risks and delay of continued litigation, balanced against the benefits of settlement, that the settlement provided in this Settlement Agreement is in the best interest of all, and that the settlement provided in this Settlement Agreement represents a fair, reasonable and adequate resolution of the Pending Litigation.

1.16    The Parties have agreed to settle this case as described herein and the Parties shall ask the Court to approve the Settlement Agreement with respect to all claims settled in this Settlement Agreement.

1.17    The Parties understand and agree that this settlement is intended to be a general release of all of Plaintiffs' claims, known or unknown, including a full and complete release of all claims which were or could have been brought by the Plaintiffs against Defendants in the Pending Litigation.

1.18    This Settlement Agreement sets forth the entire agreement between the Parties hereto and supersedes all prior agreements or understandings, written or oral, between the

Parties.

**NOW, THEREFORE,** in consideration of the above recitations, which are hereby acknowledged to be true and are made a part of this Settlement Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby expressly acknowledged, it is agreed as follows:

## 2. CONDITIONS PRECEDENT TO EFFECTIVENESS OF SETTLEMENT AGREEMENT

2.1　　This Settlement Agreement will become final and effective only upon the Court entering an order granting approval of the settlement.

2.2　　The Parties agree that if the Court does not approve any non-monetary aspect of the settlement as set forth herein, the Parties will work in good faith to conform the terms of the agreement to resolve the Court's objections. If an objection cannot be resolved in a manner sufficient to allow the Court to grant approval, then this Settlement Agreement will be deemed void and unenforceable.

2.3　　In addition, in the event that this Settlement Agreement is not approved by the Court, fails to become effective, or is reversed, withdrawn or materially modified by the Court, the Settlement Agreement shall not be admissible in any judicial, administrative, or arbitral proceeding for any purpose or with respect to any issue, substantive or procedural, and none of the Parties will be deemed to have waived any claims, objections, defenses, or arguments with respect to the merits of Plaintiffs' claims.

## 3. SETTLEMENT CONSIDERATION

3.1　　In consideration of the Release in Section 5, Defendants agrees to pay a total sum of Thirty Five Thousand Dollars and 00/100 Dollars ($35,000.00) in accordance with the payment schedule attached hereto as Exhibit A (the "Settlement Payment").

3.2　　The Settlement Payment shall be allocated as follows:

a.　　Six Thousand Two Hundred Eighty-Two and 30/100 Dollars ($6,282.30) shall be made payable to Brenda Lopez as described in this Section 3.

b.　　Two Hundred Ninety-Two and 20/100 Dollars ($292.20) shall be made payable to Pedro Lopez as described in this Section 3.

c.　　Three Thousand Two Hundred Fourteen and 20/100 Dollars ($3,214.20) shall be made payable to Brainerd Lopez as described in this Section 3.

d.　　Three Thousand Five Hundred Six and 40/100 Dollars ($3,506.40) shall be made payable to Agustin Zapot-Gomez as described in this Section 3.

   e.  One Thousand Three Hundred Fourteen and 90/100 Dollars ($1,314.90) shall be made payable to Veronica Lara as described in this Section 3.

   f.  Twenty Thousand Three Hundred Ninety and 00/100 Dollars ($20,390.00) in attorneys' fees and costs shall be made payable to Hawks Quindel, S.C.

  3.3  The Settlement Payment provided by Defendants to the Plaintiffs is, in part, for the releases provided in Section 5 and is a material part of this Settlement Agreement.

  3.4  For the purposes of calculating applicable payroll taxes, the Parties agree that fifty percent (50%) of each of the settlement payments described in Section 3.1 constitutes back wage payments and shall be subject to all required employer paid payroll taxes and deductions and will be reported to each individual on an IRS Form W-2, and the remaining fifty percent (50%) of each settlement payment constitutes payment for penalties and/or prejudgment interest and will be reported to each individual on an IRS Form 1099.

  3.5  Concurrently with the execution of this Settlement Agreement, each Plaintiff shall provide Defendants completed Form W-2s and W-9s.

  3.6  Settlement payments shall be made in accordance with Section 3.2 and Exhibit A, and shall be mailed to Plaintiffs' addresses listed in Section 7.13.

  3.7  In the event that this Settlement Agreement is canceled, rescinded, terminated, voided, nullified, or the settlement of the Pending Litigation is barred by operation of law, is invalidated, is not approved or otherwise is ordered not to be carried out by the Court or any court of competent jurisdiction, Defendants will cease to have any obligation to pay or provide any portion of the Settlement Payment to anyone under the terms of this Settlement Agreement and all previous disbursements from the Settlement Payment shall be paid back to Defendants by the person or entity who received such disbursements.

  3.8  The initial settlement payment shall be made in accordance with Exhibit A and within ten (10) business days of the Court's Approval. Each payment thereafter shall be made no later than the 15th of each month of the quarter in which payment is due. In the event a payment is missed, Plaintiffs' Counsel shall promptly notify Defendants' Counsel of the missed payment and Defendants shall have 14 days to cure from the date of Plaintiffs' Counsel's notification to Defendants' Counsel.

## 4.  ATTORNEYS' FEES AND COSTS OF CLASS COUNSEL

  4.1  Payment of $20,390.00 in attorneys' fees and costs to Plaintiffs' Counsel shall constitute full satisfaction of any and all obligations by Defendants to pay any person, attorney or law firm for attorneys' fees, expenses or costs incurred on behalf of Plaintiffs.

  4.2  Attorneys' fees shall be paid in accordance with Section 4.1 and Exhibit A, and shall be mailed to Plaintiffs' Counsel's address listed in Section 7.13.

4.3     All amounts allocated as attorneys' fees and costs will be paid to Plaintiffs' Counsel, jointly and severally, by Defendants in accordance with the payment schedule attached hereto as Exhibit A upon the final approval of the settlement by the Court, and will be reported on a pro-rata basis to the individuals described in Section 4.2 on an IRS Form 1099. An IRS Form 1099 will also be issued for the full amount described in this Section 4 to Plaintiffs' Counsel.

4.4     Concurrently with the execution of this Settlement Agreement, Plaintiffs' Counsel shall provide Defendants a completed Form W-9.

## 5.     RELEASE OF CLAIMS

5.1     Plaintiffs hereby knowingly and voluntarily completely release and covenant not to sue Defendants, and its and their, parent companies, divisions, subsidiaries, affiliates, trustees, predecessors, successors, transferees, assigns, insurers, officers, directors, members, employees, agents, and representatives (collectively the "Released Parties") from/for any and all past and present matters, claims, demands, and causes of action for unpaid wages, minimum wages, overtime pay, wage complaint retaliation, liquidated damages, penalties, attorneys' fees and costs, and interests under the FLSA, 29 U.S.C. § 201, et. seq.; Chapters 103, 104, 109, and 111 of the Wisconsin Statutes; Chapters DWD 272, 274, and 275 of the Wisconsin Administrative Code, or common law, which any such Plaintiff has or might have, known or unknown, that has arisen or could have arisen at any time from the commencement of employment with Defendants up to the date the Court grants final approval of this Settlement Agreement.

5.2     Plaintiffs voluntarily and without coercion or duress, waive and release the Released Parties from any and all past or present claims, damages, and causes of action, whether known or unknown, including those arising out of the Plaintiffs' employment with Defendants, including but not limited to claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e); the Civil Rights Act, 42 U.S.C. § 1981; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq.; the Americans With Disabilities Act of 1990, as amended, 42 U.S.C.§ 12101, et seq.; the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq.; the Equal Pay Act of 1963, as amended, 29 U.S.C. § 201, et seq.; the Federal Rehabilitation Act of 1972, as amended, 29 U.S.C. § 701, et seq.; the National Labor Relations Act, as amended, 29 U.S.C. § 151, et seq.; the federal Occupational Safety and Health Act, as amended, 29 U.S.C. § 2601, et seq.; the Employee Polygraph Protection Act, as amended, 29 U.S.C. 2001, et seq.; the federal Family and Medical Leave Act, 29 U.S.C. § 2601, et seq.; the Wisconsin Fair Employment Act, Wis. Stat. § 111.31, et seq.; the Wisconsin Family and Medical Leave Act, Wis. Stat. § 103.10, the Wisconsin Wage Payment Act, Ch. 109, Wis. Stats.; and any other applicable statute, authority or law providing a cause of action to the Plaintiffs arising prior to the date of this Settlement Agreement. This waiver and release does not affect those rights or claims that arise after the execution of this Settlement Agreement. If any claim is not subject to release, to the extent permitted by law, the Plaintiffs waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multiparty action or proceeding based on such a claim in which the Released Parties are a party.

5.3     Plaintiff represent and warrant that nothing which would otherwise be released herein has been assigned, transferred, or hypothecated or purportedly assigned, transferred, or hypothecated.

5.4     It is understood and agreed by Plaintiffs that they may have sustained damages, losses, costs or expenses for which they might have made claim(s) that are presently unknown or unsuspected, and that such damages, losses, costs and expenses may give rise to additional damages, losses, costs or expenses in the future. It is specifically acknowledged by Plaintiffs that the releases and waivers contained herein have been agreed upon and given in light of such facts and this Settlement Agreement is intended to release the Released Parties from potential liability for all such damages, losses, costs and expenses. In this connection, Plaintiffs understand and agree that as part of the inducement for the consideration given as set forth in Section 3 above that Plaintiffs specifically waive the provisions of any state statute, federal statute or common law principle that would treat this Settlement Agreement as anything other than a full and final release of all claims that were or could have been raised in the Pending Litigation. In waiving such claims, and for the purpose of implementing a full and complete release and discharge of the Released Parties, Plaintiffs acknowledge that they may hereafter discover facts in addition to or different from those which they now believes to be true with respect to the subject matter of this Settlement Agreement, but agree that the releases in this Settlement Agreement shall remain in effect as releases, notwithstanding the discovery of any such additional or different facts.

5.5     Plaintiffs understand that in this Settlement Agreement, Plaintiffs do not waive: (a) any claim for compensation for illness or injury or medical expenses under any worker's compensation law; (b) any claim under any law that provides for health insurance continuation rights; (c) any claim to enforce Plaintiffs' rights under this Agreement; and (d) any claim that by law cannot be released or waived. Nothing in this Agreement shall be construed as prohibiting Plaintiffs from filing a charge or participating in any investigation or proceeding conducted by the EEOC or comparable state or local agency, provided, however, that Plaintiffs acknowledge and agree that they are not entitled to any personal recovery, compensation or other monetary remedy in any such agency proceedings.

5.6     This Section 5 shall not constitute a waiver of any claims in the event Defendants fail to make the payments as set forth in Section 3 and/or 4 above.

**6.     DISMISSAL OF PENDING LITIGATION**

The Parties shall execute, and authorize their counsel to execute, a Joint Motion for Court Approval of Settlement and Dismissal of Claims.

**7.     MISCELLANEOUS**

7.1     Neither this Settlement Agreement nor any other document executed in conjunction herewith shall be construed as, or argued to be, an admission of liability or wrongdoing of any kind or nature by Defendants, which/whom at all times have denied liability. The settlement of the Pending Litigation is solely for the purpose of compromising disputed

claims because of the uncertainty, cost and expense of litigation.

7.2     The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including, but not limited to, execution of such documents and taking such other action as may reasonably be necessary to implement the terms of the Settlement Agreement. The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by the Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the Settlement Agreement and the terms set forth herein. As soon as practicable after execution of the Settlement Agreement, Plaintiffs' Counsel shall, with the assistance and cooperation of Defendants and their counsel, take all necessary steps to secure the Court's final approval of the Settlement Agreement.

7.3     Plaintiffs acknowledge that they are voluntarily executing this Settlement Agreement, that the only consideration for executing this Settlement Agreement is that recited herein, and that no other promise, inducement, threat, agreement or understanding of any kind has been made by anyone to cause her to execute this Settlement Agreement. Plaintiffs fully understand the meaning and intent of this Settlement Agreement and its final and binding effect on them.

7.4     Each Plaintiff agrees that if he/she, or any of his/her administrators, executors, representatives, heirs and/or assigns pursues any claim or suit of any kind against any of the Released Parties concerning, related to or arising out of any wage and hour claim or matter released herein, that said Plaintiff and said representative or assign will hold harmless and fully indemnify the Released Parties, for any loss, including actual attorneys' fees and costs, arising out of any such claims or suits.

7.5     The Parties shall be responsible for their own attorneys' fees and costs and other expenses arising from the Pending Litigation except as otherwise provided in this Settlement Agreement.

7.6     Plaintiffs agree that Defendants have not provided any advice to Plaintiffs about the tax consequences, if any, of the foregoing, including but not limited to the Settlement Payment and/or this Settlement Agreement.

7.7     This Settlement Agreement contains the complete agreement between the Parties with respect to the subject matter hereof and supersedes any prior agreements or negotiations. This Settlement Agreement may be modified only by written mutual consent of the Parties.

7.8     The Parties acknowledge that Court approval is required of this Settlement Agreement and should the Court deny said approval, this Settlement Agreement shall be considered void and unenforceable in its entirety. Notwithstanding the foregoing, the Parties shall attempt to negotiate in good faith to cure any defects the Court identifies. If any other provisions of this Settlement Agreement shall be found invalid or unenforceable in whole or in part subsequent to the Court's approval of same, then such provision shall be deemed to be modified or restricted to the extent and in the manner necessary to render the same valid and enforceable, unless such change is material and changes the bargained for benefits to any of the

Parties, in which case such provision shall be considered excluded from this Settlement Agreement.

7.9    This Settlement Agreement shall be construed and interpreted in accordance with, and all disputes hereunder shall be governed by, the laws of the State of Wisconsin. The Parties irrevocably and exclusively submit to the jurisdiction of the state or federal court having jurisdiction over Ozaukee County, State of Wisconsin, over any dispute arising out of or relating to this Settlement Agreement. The Parties irrevocably waive, to the fullest extent permitted by applicable law, any objection which the Parties may now or hereafter have to the laying of venue of such dispute brought in such court or any defense of inconvenient forum in connection therewith.

7.10    The signatories to this Settlement Agreement hereby represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties hereto to the terms and conditions hereof.

7.11    Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested.

7.12    Unless the Parties are notified in writing of any changes in addresses, all required mailings shall be sent to the following addresses for each Party:

Brenda Lopez
3146 S. 12th Street
Milwaukee, WI 53215

Hawks Quindel, S.C.
P.O. Box 442
Milwaukee, WI 53201

Pedro Lopez
3260 Apt D Liberty Boulevard
South Gate CA 90280

La Chimenea, LLC
N112W15251 Mequon Rd.
Germantown, WI 53022

Brainerd Lopez
3260 Apt D Liberty Boulevard
South Gate CA 90280

Hector Jimenez
N112W15251 Mequon Rd.
Germantown, WI 53022

Agustin Zapot Gomez
3146 S. 12th Street
Milwaukee, WI 53215

Weiss Berzowski LLP
700 N. Water Street – Suite 1400
Milwaukee, WI 53202

Veronica Lara
2511 S. 15th Street
Milwaukee, WI 53215

The Schroeder Group, S.C.
20800 Swenson Drive - Suite 475
Waukesha, WI 53186

7.13    The Parties hereto agree that the terms and conditions of the Settlement Agreement are the result of lengthy, intensive, arms-length negotiations among the Parties, and that the Settlement Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or his, her or its counsel participated in the drafting of the Settlement Agreement.

7.14    This Settlement Agreement shall become effective upon its execution, subject to subsequent Court approval. The Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties. Any signature made and transmitted via facsimile and/or electronic mail for the purpose of executing this Settlement Agreement shall be deemed an original signature for the purpose of this Settlement Agreement and shall be binding upon the signing party.

7.15    The Plaintiffs acknowledge that they have read this Settlement Agreement and they are fully aware of its contents and its legal effect; that the preceding paragraphs recite the sole consideration for this Settlement Agreement; and that the Plaintiffs have been afforded ample opportunity to consider this Settlement Agreement, negotiate its terms, and consult with counsel to deliberate over the items contained herein.

**IN WITNESS WHEREOF**, the undersigned have duly executed this Settlement Agreement in furtherance of this Settlement Agreement.

**PLEASE READ THIS AGREEMENT CAREFULLY. BY SIGNING THIS DOCUMENT, YOU ACKNOWLEDGE THAT YOU HAVE READ AND UNDERSTOOD THE AGREEMENT, THAT YOU HAVE VOLUNTARILY ENTERED INTO THIS AGREEMENT AND THAT THIS RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS AS DESCRIBED HEREIN.**

**BRENDA LOPEZ**

By: _____
A0E5BB239F9C4A2...

DATED: 9/25/2016 , 2016

**VERONICA LARA**

By: _____
3E0095CE4E644EA...

DATED: 23/09/2016 , 2016

**PEDRO LOPEZ**

By: _____
76A41B7FEEAB448...

DATED: 9/23/2016 , 2016

**AGUSTIN ZAPOT GOMEZ**

By: _____
A0E5BB239F9C4A2...

DATED: 9/25/2016 , 2016

**BRAINERD LOPEZ**

By: _____
07C70C0304AE49C...

DATED: 9/25/2016 , 2016

**HECTOR JIMENEZ**

By:

DATED: 9 - 26 - _____, 2016

**LA CHIMENEA, LLC**

By:

Christopher Greene, Member

DATED: 9-26-16 , 2016